**Javier CANO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 17625.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

Sept. 11, 1980.

Gregory C. Gladden, Houston, for appellant.

Larry P. Urquhart, Houston, for appellee.

Before COLEMAN, C. J., and DOYLE and WALLACE, JJ.

DOYLE, Justice.

This is an appeal from a certification hearing to try appellant as an adult.

Appellant filed his appeal on November 5, 1979. Subsequent to the filing appellant did not file a brief, although he did file two extensions for time. The second extension of time expired on April 29, 1980. Prior to oral submission, appellant filed a motion to dismiss the appeal on June 20, 1980. This court denied appellant's motion to dismiss because appellant's counsel explained he was seeking the dismissal without the consent of his client. Counsel for appellant further explained that appellant has failed to appear and his bond has been forfeited. He continued that he cannot pursue this appeal in good faith and requested the court to advise what may be done regarding this appeal.

We are unable to find any authority to directly answer counsel's question and the Rules do not explain that an appeal may be dismissed if the client disappears, or that the appeal cannot be carried on when the attorney is unable to contact the client.

Aside from counsel's question, the time for filing appellant's brief is now expired and pursuant to Rule 415, T.R.C.P., when an appellant has failed to timely file a brief, the appeal may be dismissed for want of prosecution unless the appellant shows good cause for such failure and that the appellee

has not suffered material injury thereby. Since the record before us presents no fundamental error, and no questions of law are presented which are of any importance to the public in general, the appeal should be dismissed. *I____ B____, a child v. State of Texas*, 513 S.W.2d 303 (Tex.Civ.App.–Corpus Christi 1974, no writ).

We therefore dismiss this appeal pursuant to Rule 415, T.R.C.P. and tax all costs against appellant.